**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-00067-RM-NRN

DAVID L. HILDEBRAND, an individual,

    Plaintiff,

v.

WILMAR CORPORATION, a Washington corporation,

    Defendant.

---

**ORDER**

---

This matter is before the Court on the "Report and Recommendation on Defendant's Motion to Dismiss (DKT. #20)" (the "Recommendation") (ECF No. 33) issued by Magistrate Judge N. Reid Neureiter. Judge Neureiter recommended denying Defendant's Motion to Dismiss (the "Motion") filed pursuant to Fed. R. Civ. P. 12(b)(6) but barring Plaintiff from seeking damages for unpaid royalties after September 20, 2015, the date U.S. Patent No. 5,737,981 (the "'981 Patent") expired. Plaintiff's Objection (ECF No. 37) followed, to which Defendant did not file a response. Upon consideration of the Recommendation, Objection, the court record, and the applicable rules and case law, and being otherwise fully advised, the Court accepts the Recommendation, as modified.

    **I.    LEGAL STANDARD**

        **A. Review of the Magistrate Judge's Recommendation**

        When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ.

P. 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." "The district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

An objection is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B. Plaintiff's pro se status

Plaintiff was represented by counsel until after the Recommendation was issued. Plaintiff now proceeds pro se; thus, the Court liberally construes his Objection. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. ANALYSIS

### A. Background

As no party objects to the Recommendation's recitation of the factual background, and

the Court finds no clear error, it is accepted and incorporated herein by reference. Nonetheless, the Court provides a brief recitation to provide clarity to this Order addressing Plaintiff's Objection.

Plaintiff is the owner of the '981 Patent which expired on September 20, 2015.[1] In 2009, Plaintiff filed a patent infringement action against Defendant. The parties settled that lawsuit as set forth in their Settlement Agreement (the "Agreement") dated March 2, 2009. As relevant to the Objection, the Agreement provides that:

- Plaintiff would grant Defendant "a non-exclusive license for any future and-or continued sales of Products covered" under the '981 Patent (Section 1.2);

- Defendant would pay Plaintiff "an ongoing royalty in the amount of 15% of the Gross Selling Price of Products sold and covered" by the '981 Patent until the patent expired (Sections 2.1 & 2.7); and

- Defendant would continue to pay Plaintiff "an ongoing reduced royalty/fee of 5% following the expiration of the ['981] Patent, under the terms of" the Agreement. (Section 2.8).

(ECF No. 2, pp. 3-4.)

Plaintiff's current action was filed in state court on December 10, 2018 and removed by Defendant to this court based on diversity jurisdiction. In his complaint, Plaintiff alleges, among other things, Defendant breached the Agreement by failing to pay all the required royalty fees under the Agreement. As relevant here, Defendant's Motion argued that it is unlawful to enforce a patent royalty agreement that calls for continuing royalty payments after the patent has expired. Judge Neureiter agreed, finding Plaintiff may not pursue any post-expiration royalties via this breach of contract action. Hence, the recommendation to preclude Plaintiff from recovering

---

[1] The Agreement states the '981 Patent expired on April 14, 2015, but no party objected to the Recommendation's finding that it expired September 20, 2015. Therefore, the Court assumes the correct expiration date is September 20, 2105.

3

damages for unpaid royalties after September 20, 2015.

### B. The Objection

Plaintiff makes several arguments under the "objections" part of his Objection, many of which are irrelevant to the recommendation. Thus, for example, Plaintiff's assertions that he did not receive reports or records, that Defendant submitted a "known fabrication," or that there should be a tolling of the statute of limitations will not be considered. Instead, the Court will consider only those arguments as to whether Plaintiff is barred from seeking damages for unpaid royalties after September 20, 2015. The Court examines – and rejects – these arguments in turn.

First, Plaintiff argues he also seeks lost profits for alleged violations of the Agreement as a measure of damages. But the Recommendation does not address lost profits. Thus, that is not at issue and any objection here is overruled on that basis.

Second, Plaintiff asserts a Rule 12(b)(6) dismissal is premature and any dismissal should be examined under a motion for summary judgment after discovery. But, dismissal under Rule 12(b)(6) is appropriate where the complaint fails to allege a "plausible" right to relief under the law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007). The court need not wait for a summary judgment motion. Thus, this objection is also overruled.

Third, Plaintiff contends Judge Neureiter overlooked differences between Plaintiff's case and the Supreme Court cases of *Brulotte v. Thys Co.*, 379 U.S. 29 (1964) and *Kimble v. Marvel Entertainment, LLC*, 135 S. Ct. 2401, 192 L. Ed. 2d 463 (2015), and that the parties' intent at the time of negotiations is important. Starting with intent, the Court's review of the record shows the issue of intent was not raised before the Magistrate Judge; therefore, it is waived. *U.S. v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001). Moreover, even if not waived, under Colorado

4

law,[2] "intent must be determined from contract language itself, and an unambiguous document cannot be explained by extrinsic evidence so as to dispute its plain meaning." *Denver Found. v. Wells Fargo Bank, N.A.*, 163 P.3d 1116, 1126 (Colo. 2007). Thus, this argument is rejected.

As for Plaintiff's contention that *Brulotte* and *Kimble* are distinguishable, and therefore no bar to the post-expiration royalties, the Court finds otherwise. For example, Plaintiff relies on the fact that the agreement to pay a 15% royalty has an end date. That provision (Section 2.7) is irrelevant as it covers pre-expiration royalties. At issue is Section 2.8 and whether it is unenforceable because "a patent holder cannot charge royalties for the use of his invention after its patent term has expired." *Kimble*, 135 S. Ct. at 2405. And, as the recommendation correctly found, Section 2.8 is unenforceable.

Plaintiff's argument that Section 2.8 has nothing to do with patent law royalty as it was compensation for Defendant's prior infringing acts appears to contend this renders Section 2.8 outside of – or an exception to – *Brulotte*. But this argument concerning Section 2.8 is refuted by Section 1.1 of the Agreement. Section 1.1 provides "Wilmar agrees to compensate Hildebrand with $25,000 for *past* and current *infringing acts*." (ECF No. 2, p. 2 (italics added).) Thus, this final argument is also unavailing.

### C. Matters to Which There are No Objections

No other objections were filed to the Recommendation. The Court's review finds no clear error with the remainder of the Recommendation; therefore, it is accepted.

---

[2] The Agreement provides that Colorado law controls. (ECF No. 2, p. 6.) Moreover, as a federal court sitting in diversity, this Court applies Colorado contract law to the issue. *Bill Barret Corp. v. YMC Royalty Co., LP*, 918 F.3d 760, 765 (10th Cir. 2019).

## III. CONCLUSION

Although Defendant's request to dismiss this entire case was denied, the recommendation, in effect, granted Defendant's motion based on the argument that post-expiration royalty agreements are unenforceable. Thus, Judge Neureiter recommended that Plaintiff be barred from seeking damages for unpaid royalties after September 20, 2015. In other words, that Section 2.8 of the Agreement is unenforceable. For the reasons stated herein, the Court overrules Plaintiff's objections and accepts the Recommendation but modifies it to reflect that Defendant's Motion is granted in part. Accordingly, it is **ORDERED**

(1) That the "Report and Recommendation on Defendant's Motion to Dismiss (DKT. #20)" (ECF No. 33), as modified herein, is ACCEPTED and ADOPTED as an order of this Court;

(2) That Plaintiff's "FRCP 72 Objections to Magistrate Judge N. Reid Neureiter's Recommendation in Part" (ECF No. 37) is OVERRULED; and

(3) That Defendant's Motion to Dismiss (ECF No. 20) is GRANTED as to its request that Plaintiff be barred from seeking damages for unpaid royalties after September 20, 2015 and is DENIED in all other respects.

DATED this 26th day of August, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge