**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-00067-RM-NRN

DAVID L. HILDEBRAND, an individual,

    Plaintiff,

v.

WILMAR CORPORATION, a Washington corporation,

    Defendant.

---

**ORDER**

---

Upon review of the record, the Court finds three issues which should be resolved. **First,** Defendant has filed an unopposed motion for leave to restrict (ECF No. 66) requesting the following documents be restricted at a Level 1 restriction: ECF Nos. 58, 58-1, 58-2, 58-3, 58-4, 57, and 57-1. The basis for the request is that the documents refer to the parties' confidential settlement agreement as well as Defendant's alleged evidence of compliance with such agreement. At this juncture, based on the current record, the Court will grant the requested restriction. The parties are advised, however, that if such information is central to the issues in this case, the parties' interest in maintaining the confidentiality of certain terms of the agreement may not overcome "the strong public interest in understanding the pertinent facts of this case." *Ruiz v. Woodward, Inc.*, No. 17-CV-03046-MSK-KLM, 2019 WL 6893039, at *12 (D. Colo. Dec. 18, 2019). Accordingly, such evidence may be disclosed in any order and, further, to the extent necessary, restrictions may be lifted or redacted copies may be ordered filed.

**Second**, Plaintiff has filed a motion for summary judgment (ECF No. 64) but fails to comply with this Court's Civil Practice Standards governing such motions by providing a separate statement of undisputed material facts ("statement")[1] and referring to such statement as support in his motion. (Defendant did so at ECF Nos. 55, 56.) The Court will allow the motion in this instance but requires a separate statement to be filed, as ordered below.

**Third**, and finally, Plaintiff's motion for summary judgment and many of his accompanying supporting filings are labeled "confidential." Under this District's Local Rules Plaintiff has 14 days in which to file a motion for leave to restrict. *See* D.C.COLO.LCivR 7.2(e). Although the time to do so has not lapsed, the Court's review shows that documents marked as confidential should be publicly accessible in whole or in part, such as Plaintiff's motion for summary judgment (ECF No. 63). Accordingly, the Court finds Plaintiff must address why such documents should be restricted and why redaction is not feasible.

Based on the foregoing, it is **ORDERED**

(1) That Defendant's motion to restrict (ECF No. 66) is GRANTED to the extent stated herein and the Clerk is directed to maintain a Level 1 restriction on the following documents: ECF Nos. 58, 58-1, 58-2, 58-3, 58-4, 57, and 57-1;

(2) That, on or before **Friday, May 1, 2020**, Plaintiff shall file his separate statement of undisputed material facts, and Defendant shall have fourteen (14) days after such filing to file its response to Plaintiff's motion for summary judgment (ECF No. 64); and

---

[1] Found at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/RM/RM_Civil_Practice_Standards_Aug19.pdf

(3) That, on or before **Friday, May 1, 2020**, Plaintiff shall file a notice setting forth the legal and factual bases for why the documents he filed (ECF Nos. 63, 65) are confidential and should be restricted from public access.

DATED this 21st day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge