**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-00067-RM-NRN

DAVID L. HILDEBRAND, an individual,

     Plaintiff,

v.

WILMAR CORPORATION, a Washington corporation,

     Defendant.

---

## ORDER

This matter is before the Court upon consideration of the various documents which Plaintiff has filed as "confidential" and have been placed under a Level 1 restriction. By Orders dated April 21, 2020 (ECF Nos. 73, 74) the Court directed Plaintiff to explain why all of such documents are confidential and should be restricted from public access. The Court also allowed Defendant to file a response, if it wished to do so.

Plaintiff responds the documents were filed as confidential due to Defendant's request and to concerns about violating any possible protective orders or previously agreed upon confidentiality between the parties. Essentially, Plaintiff believes the filings should be publicly available but he leaves that issue to the Court.

Defendant responds with an unopposed motion to restrict.[1] (ECF No. 81.) Specifically, Defendant seeks a Level 1 restriction on certain documents filed by Plaintiff because Defendant contends they contain matters related to a confidential Settlement Agreement and confidential business information. Upon consideration of the matter, the Court will grant Defendant's motion for substantially the same reasons stated in its Order of April 21, 2020 (ECF No. 73). And, as previously stated, if the restricted information is central to the issues in this case, Defendant's interest in maintaining the confidentiality of certain terms of the agreement or any other confidential information may not overcome "the strong public interest in understanding the pertinent facts of this case." *Ruiz v. Woodward, Inc.*, No. 17-CV-03046-MSK-KLM, 2019 WL 6893039, at *12 (D. Colo. Dec. 18, 2019). Therefore, such evidence may be disclosed in any order and, further, to the extent necessary, restrictions may be lifted.

Accordingly, the Court **ORDERS** as follows:[2]

(1) That Defendant's unopposed Motion to Restrict (ECF No. 81) is **GRANTED**;

(2) That the Clerk shall maintain a Level 1 restriction on the following documents:

   (a) ECF Nos. 63-4, 63-6, 63-8, and 63-11; and

   (b) ECF Nos. 71-2, 71-4, 71-5, 71-8, 71-13, and 71-14 ; and

(3) That the Clerk shall **UNRESTRICT** and allow public access to the following documents:

   (a) ECF Nos. 63, 63-1 to 63-3, 63-5, 63-7, 63-9 to 63-10;

---

[1] Defendant, understandably, assumes it was unopposed because Plaintiff filed the documents as confidential. In the future, Defendant should confer before filing.

[2] As to any future filings by Plaintiff of documents which one or more party deems confidential and contends should be restricted from public access, Plaintiff may continue to file them stamped confidential. And, as provided for under D.C.COLO.LCivR 7.2, the parties may file any request to maintain a Level 1 restriction on such filing(s) within 14 days. The failure to timely do so will result in the Court ordering such documents to be unrestricted.

(b)  ECF No. 65; and

(c)  ECF Nos. 71, 71-1, 71-3, 71-6, 71-7, 71-9 to 71-12, and 71-15.

DATED this 4th day of May, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge