IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 19-cv-00067-RM-NRN

DAVID L. HILDEBRAND, an individual,

    Plaintiff,

v.

WILMAR CORPORATION, a Washington corporation,

    Defendant.

## ORDER DENYING MOTIONS TO AMEND

This is a breach of contract action. The Court specifically stated during the bench trial of this case: "there's no patent claim in front of me, I'm not considering a patent claim."[1] Nonetheless, after trial, Plaintiff now seeks leave to amend his complaint to include a claim for patent infringement. Plaintiff apparently asserts that amendment should be allowed to conform to the evidence or because the claim was tried by express or implied consent. In addition, Plaintiff also appears to request the Court to revisit its Order of August 26, 2019. After reviewing the record, and being otherwise fully advised, the Court finds and orders as follows.

### I.    LEGAL STANDARD

#### A.    Plaintiff's Pro Se Status

Plaintiff currently proceeds pro se; therefore, the Court construes Plaintiff's filings liberally but does not serve as his advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). And the Tenth Circuit has "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425

---

[1] ECF No. 132 at 118:8-10.

F.3d 836, 840 (10th Cir. 2005) (quotation marks and citation omitted).

### B. Rule 15(b)(2) of the Federal Rules of Civil Procedure

Rule 15(b)(2) of the Federal Rules of Civil Procedure provides:

> When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

"A party impliedly consents to the trial of an issue not contained within the pleadings either by introducing evidence on the new issue or by failing to object when the opposing party introduces such evidence." *Eller v. Trans Union, LLC*, 739 F.3d 467, 479 (10th Cir. 2013) (quotation marks and citation omitted). "But implied consent cannot be based on the introduction of evidence that is relevant to an issue already in the case when there is no indication that the party presenting the evidence intended to raise a new issue." *Id*. at 481 (quotation marks and citation omitted).

## II. DISCUSSION

### A. Amendment to Include Patent Infringement Claim

Plaintiff, through counsel, filed this action for breach of contract based on a Settlement Agreement ("Agreement") dated March 2, 2009, entered into after the parties settled Plaintiff's prior action for patent infringement. While Plaintiff may have previously filed actions for patent infringement, he did not do so here. While Plaintiff raises several arguments of why he should be granted leave to amend, none shows the Court that it should or may do so. The Court summarizes these arguments, although not necessarily in the order raised, and discusses why they fail to show relief should be granted.

***The Effect of Stipulations.*** Plaintiff argues that "the issue is embraced in the stipulation

of facts upon which the case is tried."[2] Not so. The parties did stipulate that Plaintiff is the holder of Patent Number 5,737,981, issued April 14, 1998, titled "Removal Device for Threaded Connecting Devices" (hereafter, the "'981 Patent"). But, as the Court said during the bench trial, this stipulation is "[u]nremarkabl[e]."[3] After all, the Agreement at issue is the result of the parties' settlement of their dispute over the '981 Patent. Providing background information concerning the Agreement and the product at issue does not turn into – or create the basis for – a patent infringement claim.

***Implied Consent: Conforming to Evidence and Matters Presented at Trial.*** Plaintiff argues that the patent infringement issue is already before the Court and, therefore, Defendant is not prejudiced. Plaintiff argues the amendment will merely conform with the evidence, admissions, testimony, and disclosures made during the bench trial. Not so. As Defendant counters, the only claim tried – and it was on notice of prior to trial – was for breach of contract and, relatedly, for an accounting should the Court determine it to be appropriate.

For example, Plaintiff presented no evidence of whether his purported claim was for direct or indirect infringement. And while Plaintiff presented *argument* concerning lost profits, he presented no *evidence* of lost profits. To the extent Plaintiff attempted to present evidence related to lost profits, e.g., what his actual sales prices were for the patented product, the Court sustained Defendant's objections.[4] Further, the fact that a demonstrative of the patented product (Exhibit 26) was admitted in evidence does not support a contrary conclusion.[5] In summary, Defendant presented no evidence on patent infringement and objected to irrelevant evidence. On this record, to allow Plaintiff to amend his pleadings now – after trial – would substantially

---

[2] ECF No. 137, p. 2.
[3] ECF No. 132, p. 4, ll.15-18.
[4] For example, the Court sustained objections as to Plaintiff's Exhibits 20 and 20-A, which Plaintiff stated were his actual sales prices for the patented product. (ECF No. 132, 75:21-76:7.)
[5] Plaintiff's Exhibit 10, which Plaintiff stated was in the patent file wrapper which helped him get pass obviousness, was also excluded as irrelevant. (ECF No. 132, 66:10-67:10.)

prejudice Defendant. Thus, Plaintiff's argument fails.

*Alternate Theories of Liability.* To the extent that Plaintiff contends he may assert alternate theories of liability, the Court has no dispute that a party may do so. But, here, Plaintiff did not do so. Plaintiff may have wanted to morph his breach of contract claim into a patent infringement claim but could not do so. The Court had advised Plaintiff that it was not hearing a patent claim – it had not been pled prior to trial. Defendant objected to evidence, such as the Plaintiff's sales price of the patented product, which was unrelated to the breach of contract claim. In summary, no other claim was pled or tried.

*Violation of Agreement Renders Defendant Liable for Patent Infringement.* Plaintiff spends much time discussing the testimony at trial and offers an Affidavit, with exhibit, to show that Defendant allegedly violated the Agreement. According to Plaintiff, because Defendant violated the Agreement it is now liable for patent infringement. But Plaintiff fails to show the Court should consider the Affidavit with exhibit. And, more importantly, as set forth in the Findings of Fact, Conclusions of Law, and Order ("FOF") issued concurrently with this Order Denying Motions to Amend, the Court finds no breach by Defendant. Therefore, this argument also fails.

*Prior Inconsistencies.* Plaintiff argues about alleged inconsistencies concerning "jurisdiction" between this lawsuit and a prior lawsuit, and the proper venue for patent infringement claims. But Plaintiff fails to explain how any venue issues or alleged inconsistencies justify granting leave to amend at this late date. The Court finds no factual or legal bases to support an amendment based on such arguments. Accordingly, these arguments fail.

*Later Discoveries.* Plaintiff contends that a complete knowledge of all claims was lacking

at the time this action was filed and that later discovered evidence and testimony justify an amendment now. But some of Plaintiff's alleged discoveries related to the amount of damages and not to whether he may potentially have a patent infringement claim. And other discoveries were made prior to trial. Further, as Defendant contends, Plaintiff previously filed a complaint for patent infringement in *2017* based on Defendant's alleged failure to pay royalty in accordance with the Agreement. *Hildebrand v. Wilmar Corp.*, No. 17-CV-02821-PAB-MEH, 2018 WL 1535505, at *1 (D. Colo. Mar. 29, 2018), *report and recommendation adopted*, 2018 WL 4356789 (D. Colo. Sept. 13, 2018). Thus, Plaintiff's contention rings hollow.

***Other Contentions.*** Plaintiff raises a number of other arguments, such as Mr. Wimbush's testimony is ridiculous and that Defendant's records are in disarray.[6] But, as Defendant counters, none of Plaintiff's arguments show how they would support any amendment, and at this late date.

***Summary.*** In summary, Plaintiff fails to meet his burden of showing that he should be allowed to amend his complaint to add a claim for patent infringement.

B.   **Reconsideration of the Court's August 26, 2019 Order**

Plaintiff apparently requests the Court to revisit its Order of August 26, 2019. In that Order, the Court found Section 2.8 of the Agreement is unenforceable and, therefore, Plaintiff is barred from seeking damages for unpaid royalty after September 20, 2105. Section 2.8 provided that Defendant would continue to pay Plaintiff "an ongoing reduced royalty/fee of 5% following the expiration of the ['981] Patent, under the terms of" the Agreement. The Court agreed with the Magistrate Judge that Section 2.8 is unenforceable because "a patent holder cannot charge royalties for the use of his invention after its patent term has expired." *Kimble v. Marvel Ent.*,

---

[6] As discussed in the concurrently issued FOF, the Court is well aware of Mr. Wimbush's testimony and Defendant's recordkeeping.

*LLC*, 576 U.S. 446, 449 (2015). Plaintiff raises a number of arguments seeking reconsideration of that Order, none of which the Court finds persuasive.

"The Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration.' But that is not to say that such motions are prohibited. After all, 'a district court always has the inherent power to reconsider its interlocutory rulings' before final judgment is entered." *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1023-24 (10th Cir. 2018) (citations omitted). And, in considering such interlocutory motions, "the district court is not bound by the strict standards for altering or amending a judgment encompassed in federal rules of civil procedure 59(e) and 60(b)." *Id*. at 1024 (quotation marks and citation omitted). That is not to say, however, that the court may not consider such standards. *See generally Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008) (affirming district court's decision not to review its prior ruling upon that court's finding that "'considerations of fairness and judicial economy clearly outweigh[ed] plaintiff's interest in getting a second (or third) bite at the summary judgment apple'").

Under the reconsideration standards, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions for reconsideration "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Id. See also Matosantos Com. Corp. v. Applebee's Int'l, Inc.*, 245 F.3d 1203, 1209 n.2 (10th Cir. 2001) ("A motion for reconsideration is not…an opportunity for the losing party to raise new arguments that could have been presented originally.").

Plaintiff argues the Court should revisit the issue of whether Section 2.8 is unenforceable because trial testimony shows that the ongoing 5% royalty was, in actuality, "part of the compensation package for the will-full infringing acts" of Defendant and its co-conspirator/distributor prior to signing the Agreement. Apart from failing to show the Court should – or could – consider testimony (extrinsic evidence) to determine the parties' alleged intent concerning Section 2.08, Plaintiff fails to show where such testimony may be found. If Plaintiff is relying on his trial testimony that he was not relying on patent law, the Court finds this testimony not credible. And to the extent Plaintiff relies on his Affidavit, with exhibit, as support, he fails to show that this evidence was not previously available or why it would support any reconsideration. Accordingly, Plaintiff's request for reconsideration is denied.

### III. CONCLUSION

Based on the foregoing it is **ORDERED**

(1) That Plaintiff Hildebrand's Motion to Amend Pleadings (ECF No. 136) is DENIED; and

(2) That Plaintiff Hildebrand's Motion for Leave to File Amendment to Pleadings (ECF No. 137) is DENIED.

DATED this 10th day of September, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge